UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                   :

ANKURA CONSULTING GROUP, LLC,     :
                                                   :

                       Plaintiff,    :
                                                   :           22-CV-2385 (VSB)

           - against -       :
                                                   :         **OPINION & ORDER**

                                                   :

MOHAMMAD MORTAZAVI,         :
                                                   :

                     Defendant.  :
                                                   :
--------------------------------------------------------X

<u>Appearances</u>:

Steven Yudin
Yudin & Yudin PLLC
New York, New York
*Counsel for Plaintiff*

Marisella Prada
Prada & Associates
San Jose, California
*Counsel for Defendant*

<u>VERNON S. BRODERICK, United States District Judge</u>:

       Defendant Mohammad Mortazavi ("Defendant") removed this breach of contract case

from the Supreme Court of the State of New York, County of New York on the basis of diversity

citizenship.  Before me are Plaintiff Ankura Consulting Group, LLC's ("Plaintiff" or "Ankura")

motion to remand this case to the Supreme Court of New York and Defendant's motion to

dismiss or, in the alternative, to transfer the case to the United States District Court for the

Northern District of California.  Because I find that I do not have subject matter jurisdiction over

this action, Plaintiff's motion to remand is GRANTED.  Since this Court cannot exercise subject

matter jurisdiction over this case, I do not consider or resolve Defendant's motion to dismiss or

to transfer the case.

## I.     Factual and Procedural History

On June 15, 2021, Plaintiff, asserting diversity jurisdiction under 28 U.S.C. § 1332, filed

a complaint alleging breach of contract claims against Defendant in this Court.  (Doc. 1 Ex. A.)

On July 1, 2021, Plaintiff filed a complaint in an unrelated action against a different defendant in

this Court, also invoking diversity jurisdiction.  *Ankura v. Bernsten et al*., No. 21 CIV. 5303

(LLS) ("*Bernsten*"), at Doc. 1.  On October 25, 2021, Judge Louis L. Stanton *sua sponte* ordered

Plaintiff to show that the Court had subject matter jurisdiction in *Bernsten*, noting that a limited

liability company ("LLC") takes the citizenship of each of its members.  *Ankura Consulting*

*Group, LLC v. Bernsten*, No. 21 CIV. 5303 (LLS), 2021 WL 4950583, at *1 (S.D.N.Y. Oct. 25,

2021).  Following Judge Stanton's order, on November 12, 2021, Plaintiff and the defendant in

that action stipulated to a voluntary dismissal pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(ii).  *Ankura v. Bernsten et al*., No. 21 Civ. 5303 (LLS), at Doc. 19.

According to Plaintiff, because of its experience in *Bernsten*, including Judge Stanton's

order, Plaintiff realized that, since members of the LLC are citizens of California and Defendant

in this action is also a resident, subject matter jurisdiction does not exist in the instant case.

(Doc. 14, at 5–6.)  On October 28, 2021, Plaintiff filed a notice of voluntary dismissal of this

action pursuant to Rule 41(a)(1)(A)(ii).  (Doc. 1 Ex. B.)

On December 6, 2021, Plaintiff filed a complaint against Defendant in the Supreme Court

of the State of New York, County of New York, asserting the same claims for breach of contract.

(Doc. 1 Ex. C.)  On March 23, 2022, Defendant filed a notice of removal, citing diversity

jurisdiction as its basis for removal.  (Doc. 1.)  On March 31, 2022, Defendant filed its motion to

dismiss pursuant to 28 U.S.C. § 1406(a) or, in the alternative, transfer the action to the Northern

District of California pursuant to 28 U.S.C. § 1404(a).  (Docs. 8–9.)  On April 22, 2022, Plaintiff filed a cross-motion to remand the action to state court and an opposition to Defendant's motion to dismiss or transfer the case.  (Docs. 12, 14–16.)  On May 9, 2022, Defendant filed a response to Plaintiff's cross-motion to remand.  (Docs. 19–21.)

**II.**   **Legal Standards**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  District courts have original jurisdiction where the parties are "citizens of different States" and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Therefore, "the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."  *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (internal quotation marks omitted).  Consequently, on a motion to remand, the burden of showing complete diversity falls on "the party seeking to sustain the removal, not the party seeking remand."  *Wilds v. United Parcel Serv. Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (citation omitted); *see also United Food & Com. Workers Union, Local 919 v. CenterMark Props Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  Determination of diversity jurisdiction is based on "the state of facts that existed at the time of filing."  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

"A limited liability company takes the citizenship of its members."  *Avant Cap. Partners,*

*LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (citing *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc*., No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)).

An action must be dismissed if subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction.").  "In the context of removal, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *U.S. Bank, Nat'l Ass'n as Tr. for Bear Stearns Asset Backed Sec. I Tr. 2006-AC1, Asset-Backed Certificates, Series 2006-AC1 v. Profeta*, No. 3:18-CV-1710 (CSH), 2019 WL 2185725, at *4 (D. Conn. Mar. 26, 2019) (internal quotation marks omitted); *see also Vasura v. Acands*, 84 F. Supp. 2d 531, 540 (S.D.N.Y. 2000) (remanding case to state court, concluding "because diversity jurisdiction was lacking at the time of removal . . . this case was improvidently removed").

**III.**   **Discussion**

Defendant seeks to invoke diversity jurisdiction as its basis for removing this action to this Court.  Therefore, "Defendant[], as the removing part[y], bear[s] the burden of demonstrating the propriety of removal."  *Fouad v. Milton Hershey Sch. & Sch. Tr.*, No. 20 CIV.

4

10042 (PAC), 2021 WL 839453 (S.D.N.Y. Mar. 5, 2021) (internal quotation marks omitted).

Defendant must show that complete diversity exists.  *Herrick Co.*, 251 F.3d at 322–23.

Defendant acknowledges that Ankura is wholly owned by Ankura Intermediate Holdings, LP,

which has eight limited partners who are all residents of California.  (Doc. 19, at 2.)  Defendant's

only attempt at showing complete diversity is its argument that "[t]his link to California seems

rather attenuated and is an insufficient basis to defeat diversity jurisdiction."  (*Id.*)  Defendant

does not cite any case law to support this assertion.  In any event, the statement does not satisfy

Defendant's burden of "demonstrating that the grounds for diversity exist and that diversity is

complete."  *Herrick Co.*, 251 F.3d at 322–23.

Instead, Defendant improperly shifts the burden to Plaintiff to show that diversity does

not exist.  Defendant argues that Plaintiff does not state who each member of Ankura was at the

time of filing the complaint in December 2021 to show that members of the LLC included

residents of California.  (Doc. 19, at 4–5.)  The law makes clear that the burden is not on

Plaintiff.  Defendant—as the party seeking to sustain removal—bears the burden to show that

complete diversity exists.  *See Herrick Co.*, 251 F.3d at 322–23; *see also Wilds*, 262 F. Supp. 2d

at 171 (holding that the burden of showing complete diversity falls on "the party seeking to

sustain the removal, not the party seeking remand").  Defendant's argument that "Ankura should

be required to identify each of its members, and the citizenship of each" in order to "establish

lack of diversity" simply is not the law and must be rejected.  (Doc. 19, at 6.)

Based on these facts, and because Defendant failed to show that complete diversity exists

for removal, I find that I do not have subject matter jurisdiction over this case.  Therefore, I

cannot resolve Defendant's motion to dismiss or, in the alternative, to transfer the action, and this

case must instead be remanded to state court.

**IV.**     <u>**Conclusion**</u>

Because this Court does not have subject matter jurisdiction to hear this case, the case is

hereby REMANDED to the Supreme Court of the State of New York, County of New York.

Upon remand of this case, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: August 17, 2022
        New York, New York

Vernon S. Broderick
United States District Judge